

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **Lauren Howland**<br>*Special Assistant Corporation Counsel*<br>Office:  (212) 356-2456 |

January 3, 2024

**VIA ECF**
Hon. Valerie Figueredo
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

>Re: *Z.C. v. N.Y.C. Dep't of Educ.,* 23-cv-8399 (JHR)(VF)

Dear Judge Figueredo:

I am a Special Assistant Corporation Counsel in the Office of Corporation Counsel, Hon. Sylvia O. Hinds-Radix, attorney for Defendants in the above-referenced action, wherein Plaintiff seeks attorneys' fees, costs and expenses for legal work on an administrative hearing under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq*. ("IDEA"), as well as for this action.

I write pursuant to the Court order dated December 1, 2023, (ECF No. 17) to respectfully request that the Court adjourn the case management conference currently scheduled for January 9, 2024, *sine die*, as well as the joint submission due today. We apologize for the lateness of this request and any inconvenience for the Court. We have attempted to confer with opposing counsel on this request, but they did not respond to our proposed briefing schedule; and they have declined to consent to the request to cancel the upcoming conference.

A conference in this case would not be fruitful because on May 1, 2023, Defendants served Plaintiff a final written offer of settlement pursuant to 20 U.S.C. §1415(i)(3)(D) ("Offer").[1]  As of that Offer, Defendants have fully valued this case, and are confident that if

---

[1] Sec. 1415(i)(3)(D) provides as follows:
Prohibition of attorneys' fees and related costs for certain services.
(i)In general. Attorneys' fees may not be awarded and related costs may not be reimbursed in any action or proceeding under this section for services performed subsequent to the time of a written offer of settlement to a parent if—
   (I) the offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, in the case of an administrative proceeding, at any time more than 10 days before the proceeding begins;
   (II) the offer is not accepted within 10 days; and

the case goes to briefing, the Offer will serve to cut off any recovery for work performed beyond that date (if Plaintiff requests, Defendants will consider reissuing that Offer).

Guided by recent fees decisions and recommendations from the S.D.N.Y.,[2] Defendants have determined that not only would it be unable to obtain authority exceeding the Offer that it regards as both fully and intentionally overvalued to serve its intended protective intent to cut off any additional attorneys' fees, but it would substantially nullify the purposes of the written offer provisions of the IDEA, rendering such offers the start, rather than necessarily the firm end, of settlement posturing by both sides. In short, should Plaintiff's counsel be encouraged to take IDEA written offers, or Rule 68 offers of judgment, as merely an invitation to mediation or negotiation, the purpose and intended effect of such offers will be lost.

Accordingly, Defendants respectfully request that the Court adjourn the conference scheduled for January 12, *sine die*, as well as the joint submission due today. Additionally, Defendants request that the Court set the following proposed briefing schedule to expediate resolution of this matter:

Plaintiff's motion due February 29, 2024.
Defendants' opposition due March 29, 2024.
Replies due April 12, 2024.

Thank you for considering these requests.

Respectfully submitted,

/s/
Lauren Howland
Special Assistant Corporation Counsel

---

(III) the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement.

[2] *See e.g., Y.S. v. DOE,* 21-cv-5878 (JPC)(BCM) (DOE offered $31,100.00, Judge Cronan "fee capped" at **$25,223.75**); *H.W.,* 21-cv-8604 (JLR)(SN) (DOE offered $27,434.00; Judge Rochon "fee capped" at **$21,386.29**); *F.R.,* 22-cv-1776 (VEC)(GWG) (DOE offered $40,750.00 ; Judge Caproni "fee capped" at **$39,760.37**); *E.W.*, 21-cv-11208 (VEC)(GWG) (DOE offered $28,000.00; Judge Caproni "fee capped" the award at $37,286.08); *M.Z.,* 21-cv-9451 (AT)(JLC) (DOE offered $16,000.00; Judge Torres "fee capped" the award at **$15,819.86**); *N.A.,* 21-cv-2643(PGG) (DOE offered **$29,720.00**; Judge Gardephe "fee capped" the award at **$26,392.05**); *M.R.*, 21-cv-5503 (VEC), 2022 U.S. Dist. LEXIS 198294 (DOE offered **$28,000.00**; Judge Caproni "fee capped" the award at *$23,977.87*); *V.W.*, 21-cv-6495 (PGG) (KHP), 2022 U.S. Dist. LEXIS 179510 (R&R, Plaintiff's Objections pending: DOE offered **$27,500**; Magistrate Judge Parker "fee capped" the award at *$27,340.47*); *K.E.*, 2022 U.S. Dist. LEXIS 172839 (DOE offered **$67,500.00**; Judge Failla "fee capped" the award at *$63,083.27*); *T.A.*, 21-cv-7104, 2022 U.S. Dist. LEXIS 149319 (GHW) (DOE offered **$20,256.90**; Judge Woods "fee capped" the award at **$19,079.50**); *R.P.*, 2022 U.S. Dist LEXIS 76873 (DOE offered **$19,192.50**; Judge Furman "fee capped" the award at *$18,007.02*); *F.N.*, 21-cv-3379 (JPO), 2022 U.S. Dist. LEXIS 148346 (DOE offered **$21,022.50**; Judge Oetken "fee capped" the award at **$19,927.00**); *H.C.,* 2021 U.S. Dist. LEXIS 113620 (DOE offered **$40,001.00**; Judge Cott "fee capped" the award at **$38,951.31**). In each of the foregoing cases, plaintiffs were precluded from recovery fees for <u>all</u> work performed after the date of DOE's written offers.

cc: Kate Cassidy, Esq. (via ECF)
Rebecca Shore, Esq. (via ECF)

---

**SO ORDERED**

*/s/ Valerie Figueredo*
VALERIE FIGUEREDO
United States Magistrate Judge
Dated: January 5, 2024

The Initial Case Management Conference will be held, as scheduled, on **January 9, 2024, at 10:30 am**. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 19.