UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
Z.C., individually and on behalf of E.C.,

Plaintiff,

- against -

NEW YORK CITY DEPARTMENT OF EDUCATION, NEW YORK CITY BOARD OF EDUCATION, and DAVID C. BANKS, in his official capacity,

Defendants.

------------------------------------X

**MEMORANDUM AND ORDER**

23 Civ. 8399 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiff Z.C. brought this case, individually and on behalf of his child, E.C., against the New York City Department of Education, the New York City Board of Education, and David C. Banks in his official capacity as Chancellor of the New York City Department of Education ("defendants") to recover attorneys' fees pursuant to the fee-shifting provisions of the Individuals with Disabilities Education Act (the "IDEA"), 20 U.S.C. § 1415(i)(3), and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

The procedural background of this case can be briefly stated. After efforts to resolve the issues between the parties failed, plaintiff filed a due process complaint that was followed by an

administrative hearing to enforce his child's right to a Free Appropriate Public Education ("FAPE"). Plaintiff prevailed at the hearing: the Impartial Hearing Officer ("IHO") found that "the DOE denied E.C. a FAPE for the 2019-2020 School Year" and ordered "the DOE to: (1) fund E.C.'s tuition for . . . the 2019-2020 School Year; (2) reimburse Z.C. $2,500.00 for the payment he made to the Rebecca School and pay the Rebecca School directly for the tuition balance of $132,940.00; (3) provide Z.C. with any documents and/or forms necessary to facilitate tuition reimbursement and direct funding within ten days of the date of the order; and (4) provide E.C. with transportation for the 2019-2020 School Year." ECF No. 29 ¶ 17. Plaintiff's instant complaint seeks attorneys' fees for the administrative proceeding ("Administrative Case") and for this case (the "Federal Action") to compensate for the work done by Advocates for Children of New York, Inc. ("AFC" or "Advocates") and Wiggin and Dana LLP ("Wiggin").

**BACKGROUND**

This case was originally assigned to Judge Jennifer H. Rearden, who referred it to Magistrate Judge Valerie Figueredo. Following full briefing on plaintiff's motion for summary judgment, Judge Figueredo issued a carefully crafted and comprehensive 46-page Report and Recommendation ("Report and Recommendation" or "R&R"), ECF No. 54, on December 2, 2024, recommending an award of: $33,924 ($14,840 for the Administrative

Case and $19,084 for the Federal Action) in attorneys' fees; $402 in costs; and post-judgment interest at the rate set out in 28 U.S.C. § 1961(a). Defendants filed objections to the Report and Recommendation on December 16, 2024, ECF No. 55 ("Objections"), asserting that Judge Figueredo had insufficiently reduced the rates and hours billed by plaintiff's attorneys. Plaintiff did not file any objections to the R&R.

This case was reassigned to me on July 2, 2026.

**DISCUSSION**

**I. Applicable Legal Standards**

The legal standards applicable to the evaluation of defendants' objections to Judge Figueredo's Report and Recommendation were recently reiterated by the Second Circuit in Nambiar v. Central Orthopedic Group, 158 F.4th 349, 358 (2d Cir. 2025). "As to a dispositive matter, any part of the magistrate judge's recommendation that has been properly objected to must be resolved by the district judge de novo." Id. (citations omitted). However, "[i]f a party fails to properly object to the R&R, the district judge reviews the R&R only for clear error." Id. at 359. Finally, "[a] plaintiff is deemed to have forfeited an objection to a magistrate judge's report if he does not present his claims to the district court." Id. (alterations adopted).

Consistent with the Circuit's directive, this Court has read Judge Figueredo's Report and Recommendation, the transcript of the

oral argument which spanned 63 pages, defendants' Objections and plaintiff's response thereto, and the memoranda and affidavits submitted by the parties to Judge Figueredo before reaching its own judgment on the issues presented.

As for the legal standard applicable to the substantive issue of the appropriate amount of fees, the parties agree that under the IDEA, district courts may award reasonable attorneys' fees to the prevailing party utilizing the lodestar method and that plaintiff was the prevailing party. See ECF No. 28 at 14-16; ECF No. 38 at 5-6.

While reasonable fees are calculated using the lodestar method, a prior determination of "a reasonable hourly rate is not itself a matter of binding precedent." Farbotko v. Clinton Cnty. of New York, 433 F.3d 204, 208 (2d Cir. 2005) (citations omitted). "Rather, under established caselaw, a reasonable market rate is the prevailing market rate, . . . for similar services by lawyers of reasonably comparable skill, experience, and reputation." Id. (internal quotation marks and citation omitted). In addition, as Judge Colleen McMahon observed in C.B. v. New York City Department of Education, "trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection." 2019 WL 3162177, at *5 (S.D.N.Y. July 2, 2019) (quoting Fox v. Vice, 563 U.S. 826, 838 (2011)).

A recent Second Circuit case also provides controlling guidance with respect to the purpose of attorneys' fees in IDEA cases. In N.G.B. v. New York City Department of Education, after noting that the IDEA was "specifically amended to provide for the award of reasonable attorneys' fees to prevailing parties," the Court listed numerous district court decisions which reiterated earlier Circuit guidance on the purpose of fee shifting: "the IDEA's fee-shifting provision 'plays an important role in "attracting competent counsel" to a field where many plaintiffs with meritorious cases could not afford to pay such counsel themselves.'" 146 F. 4th 195, 201 (2d Cir. 2025) (alterations adopted) (quoting G.T. v. New York City Dep't of Educ., 2020 WL 1516403, at *10 (S.D.N.Y. Feb. 12, 2020).

**II. Defendants' Objections**

Having broadly outlined the law applicable to plaintiff's fee requests, we now turn to the defendants' Objections to the Report and Recommendation.

First, defendants proffer a broad objection: namely, that Judge Figueredo failed to discount the recommended award because the defendants made a reasonable pre-suit settlement offer which was $500 lower than plaintiff's pre-suit demand. In this regard, defendants attempt a policy argument as follows: "Given the apparent windfall available to Defendants [sic] should they reject

DOE's reasonable offers, the Report encourages unnecessary fee litigation." Objections at 3.

The Magistrate Judge carefully considered and rejected the defendants' contention in a page-and-a-half examination of that argument. R&R at 39-40. Applying a de novo standard of review, this Court completely agrees with Judge Figueredo, who placed the blame for the protracted litigation on defendants, where it squarely belonged. Defendants' suggestion that plaintiff received a "windfall" does not reflect the real-world dynamic. Rather, by refusing to place another $500 on the table, defendants invited the ensuing federal fee litigation, in which the taxpayers of New York would pay any additional fees awarded above the $13,500 offered and bear the consequences of the diversion of resources of the Corporation Counsel from more productive litigation. At the same time, plaintiff's counsel would no doubt have preferred to devote its resources to obtaining educational benefits for other children for which, if successful, they would earn legal fees. Finally, it is not without some irony, given defendants' policy argument, that the Corporation Counsel begged off a personal appearance at the court-scheduled settlement conference, ECF No. 56 at 39, 54-55. Of course, this Court fully recognizes that there may, in some cases, be institutional reasons that make

prelitigation attorneys' fee settlements unwise, but no such explanation has been proffered here.[1]

Next defendants object to the hourly rates that Judge Figueredo recommended for the attorneys who worked on the Federal Action. Specifically, Judge Figueredo recommended: $420/hour for R. Shore and K. Cassidy; $290/hour for B. Kitchelt; and $150/hour for Tala Sebastian. R&R at 41. The sole argument advanced by defendants is that "these hourly rates are unreasonable in light of the rates applied by the Court in other recent IDEA fees matters." Objections at 3. Specifically, defendants urge the Court to award "no more than $200/hour for attorney work on the federal action and no more than $125/hour for T. Sebastian."[2] Id. at 4.

Not surprisingly, defendants' selection of cases in support of its position ignores the cases which uphold the very same fees sought here by plaintiff.[3] Defendants also cite to outdated

---

[1] Defendants have abandoned two arguments that were presented below: namely, that the IDEA fee cap and/or Rule 68 of the Federal Rules of Civil Procedure bar plaintiff's request for pre-litigation fees that exceed defendants' pre-suit offer of $13,500.

[2] It is not entirely clear whether defendants object to the $420/hour rate awarded to R. Shore for her work on the Administrative Case. Given our rejection of defendants' objection, it is not necessary to resolve this ambiguity.

[3] See, e.g., A.S. v. New York City Dep't of Educ., 2024 WL 4354894, at *6-*7 (S.D.N.Y. Sep. 30, 2024) (finding a $420 hourly rate reasonable for R. Shore and K. Cassidy, a $350 hourly rate reasonable for D. Hochbaum, a $290 hourly rate reasonable for B. Kitchelt, and a $150 hourly rate reasonable for T. Sebastian for work done during administrative proceedings in 2020 and 2021); S.W. v. New York City Dep't of Educ., 2023 WL 5803415, at *6 (S.D.N.Y. Sep. 7, 2023) (finding $420 to be a reasonable rate for R. Shore); S.F. v. Dep't of Educ., 2023 WL 4531187, at *6 (S.D.N.Y. July 13, 2023) ("In recent years '[t]he

authority without any apparent recognition that attorneys' fees at law firms in this District increase significantly over time at a rate of as much as 10% per year. See generally Rising US law firm expenses offset strong demand and rate hikes in first quarter – report, REUTERS (May 13, 2026), https://www.reuters.com/legal/legalindustry/rising-us-law-firm-expenses-offset-strong-demand-rate-hikes-in-first-quarter-2026-05-13/. Moreover, defendants do not give any consideration to the teachings of Farbotko, 433 F.3d 204.

Having considered Judge Figueredo's careful analysis, R&R at 9-18, as well as the decisions in this District involving the specific attorneys at bar, and in light of the purpose of fee shifting in the IDEA context, this Court finds that the hourly rates utilized by Judge Figueredo are well-supported under a de novo review standard.[4]

Finally, defendants object to Judge Figueredo's recommendation for hours billed in the Federal Action. Defendants do not object to the hours recommended for the Administrative Case. Defendants have not attempted to attack any specific number of hours ascribed to any particular task, or to challenge any specific

---

prevailing market rate for experienced, special-education attorneys in the New York area . . . [has been] between $350 and $475 per hour.'") (citations omitted) (alterations in original).

[4] Judge Figueredo recommended an hourly rate reduction of $25 per hour from the $375 sought for Daniel Hochbaum, the primary AFC attorney responsible for the Administrative Case. R&R at 13. In the absence of an objection by plaintiff, this Court has no authority to review that recommendation.

hourly reductions recommended by Judge Figueredo. Rather, they argue that it is inappropriate for a court to award more in fees on a federal action limited to fees, as opposed to fees awarded for an administrative case. Objections at 4-6. Defendants point out that the recommended fees for the Federal Action exceeded the fees recommended for the Administrative Case by $4,244,[5] and ultimately contend that $7,500 be awarded for the Federal Action and not the recommended $19,084. Id.

Defendants' position does not withstand even minimal analysis. Using defendants' proposed award of $7,500 and a hypothetical hourly rate of $300, plaintiff's work would be capped at 25 hours. In what world could a plaintiff's counsel, no matter how experienced and even using some boilerplate language, write a complaint, brief a motion for summary judgment, including a reply brief (both with supporting affidavits), attend a settlement conference, prepare for and attend an oral argument on the summary judgment motion which resulted in a 63-page transcript, and respond to defendants' Objections to the Report and Recommendation, in 25 hours?

Moreover, defendants' position in the context of this case is myopic. It is undisputed that the gap between the parties pre-litigation could have been closed by defendants offering an

---

[5] The delta would have been less had Judge Figueredo not recommended the $25 reduction in Daniel Hochbaum's hourly rate.

additional $500. Further, defendants declined to meaningfully participate in Judge Figueredo's efforts at settlement prior to full briefing. In addition, defendants ignore their submission of at least partially improper affidavits, see R&R at 7-9, which at a minimum imposed an additional burden on plaintiff's counsel (as well as the Court).[6]

In sum, even if as a general matter it would be preferable if attorneys' fee litigation did not require more time and resources than the underlying dispute, defendants have advanced no argument which, when examined under the de novo standard, merits a different outcome from Judge Figueredo's recommendation with regard to hours billed on the Federal Action. Again, given that only defendants have objected, this Court's review is so limited.

**CONCLUSION**

For the foregoing reasons, the Objections to Judge Figueredo's Report and Recommendation are dismissed, and the Court awards $33,924 in attorneys' fees and $402 in costs along with post-judgment interest. The Clerk of Court is respectfully directed to enter judgment in plaintiff's favor, terminate all pending motions, and close this case.

[6] This was not the first time that defendants submitted improper declarations which were struck as a deterrent remedy. A.S., 2024 WL 4354894, at *3-5 (citing prior similar precedent).

Dated: September 8, 2026
New York, New York

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE